```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ROBERT LOVE,
                              Petitioner,
                                                              ORDER
               - against -                                    19-CV-2218 (AMD)
B. SMITH, Superintendent,
                              Respondent.
------------------------------------------------------------ X
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 28 2019 ★
BROOKLYN OFFICE

**ANN M. DONNELLY**, United States District Judge:

On April 6, 2019,[1] Robert Love, currently incarcerated at Wallkill Correctional Facility, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On April 17, 2013, the petitioner pled guilty in Suffolk County Court to Criminal Sale of a Controlled Substance in the First Degree, in violation of New York Penal Law § 220.21(1), and Conspiracy in the Third Degree, in violation of New York Penal Law § 105.13. (*Id.* at 1.) On May 24, 2013, the petitioner was sentenced to seven years' imprisonment with five years of post-release supervision on the controlled substances charge and a concurrent indeterminate term of three to six years' imprisonment on the conspiracy charge. (*Id.*)

The petitioner previously challenged his conviction by petitioning for a writ of habeas corpus on June 6, 2016. *See Love v. Superintendent of Otisville Correctional Facility*, No. 16-CV-2937. On September 22, 2017, the Honorable Joseph F. Bianco denied that petition.

---

[1] Under the "prison mailbox rule," a submission by an imprisoned *pro se* petitioner, including a writ of habeas corpus, is deemed filed on the day it is given to prison officials. *See Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

1

The Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003); 28 U.S.C. § 2244(b)(3)(A). Because the petitioner has already sought habeas relief, he must move in the United States Court of Appeals for the Second Circuit for permission to pursue this successive petition for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Clerk of Court is respectfully directed to transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631, and close this case. *Torres*, 316 F.3d at 151-52 (citing *Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996) (*per curiam*)); Second Circuit Local Rule 22.2 ("When an unauthorized second or successive application under 28 U.S.C. § 2254 or § 2255 is filed in district court, the district court will transfer it to the circuit court in accordance with 28 U.S.C. § 1631."). If the Second Circuit authorizes petitioner to proceed in this matter, the petitioner should move to reopen this case under this docket number.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
       May 28, 2019